Michalski v. Michalski

*Jaimee A. Dautrich,* for plaintiff.
*David S. Sobotka,* for defendant.

GRIM, *P.J.,* November 21, 2006—Plaintiff, Bernard J. Michalski, appeals the order dated September 18, 2006, that dismissed his exceptions to the report and recommendation of the support master and ordered him to pay defendant's attorney fees of $1,500. This opinion is filed pursuant to Pa.R.A.P. 1925. The pertinent facts gleaned from the record are as follows.

The underlying support proceeding is for the support of the parties' youngest child, Jamie Michalski, date of birth October 26, 1988. The child originally lived with defendant, Paula A. Michalski (Mother). Prior to a transfer of custody to him, plaintiff (Father) had built up substantial arrears. This was due to Father's failure to notify the Domestic Relations section that he had received a lump sum Social Security disability payment.

After the transfer of primary physical custody from Mother to Father, Mother paid child support until the support order was suspended by order dated April 26, 2005, effective on October 26, 2004, the child's 18th birthday. The support order was suspended due to the child's attainment of majority and his lack of enrollment in high school due to his poor attendance. On December

13, 2004, the child was enrolled in night school, but he attended only sporadically.

The April 26, 2005 order further provided for the retroactive reinstatement of the support order even though the child was older than 18, if he attended school regularly and provided proof thereof. The proof that was needed was certified copies of the child's attendance records. The child was to have no more than two combined unexcused absences/late or tardy arrivals per quarter. Excused absences were to be documented by a treating physician's statement or other clear evidence of good cause shown. Two consecutive quarters in which the unexcused absences/late or tardy arrivals limit was exceeded would result in the final suspension of the charging order. Mother was to have equal access to the school attendance records. No specific grade performance was required.

On the hearing date to determine if the child support order would be reinstated Father had no attendance records for the third and fourth quarters of the 2004-2005 school year. The 2005-2006 school year attendance records showed unexcused absences well in excess of the amount permitted under the April 2005 order. These records were provided by Mother. One excused absence was due to the child's suspension from school. Father offered the child's report cards to establish that the child might be permitted to graduate notwithstanding his poor attendance. The support master refused to permit the evidence because it was not compliant with the order.

Based on these facts, the support master recommended that no monthly charging order of support be reinstated, with a final suspension of the order effective October 26, 2004. Any arrears in the parties' reverse case

are to be transferred and applied as a credit in the instant case. After a recalculation of the arrears/credit balance in this case, the amounts held in escrow were to be distributed to the parties pursuant to their interests. Any outstanding arrears in the case were to be paid at the rate of $100 per month.

Mother also requested that the support master award her counsel fees in the amount of $1,500 as a sanction for Father's filing of frivolous and ridiculous pleadings. On November 30, 2004, Father had filed a pro se petition alleging that a change of circumstances had occurred in that Mother had failed to report earned income of $48,000 in 2003. The specific issues raised by Father's petition to modify had been addressed by the undersigned in the opinion and order dated November 22, 2004, which had dismissed Father's exceptions. Father did not file an appeal to that order. Instead, he waited just eight days and filed his pro se petition. The support master denied Mother's request for counsel fees without prejudice to Mother's right to present the motion to the court. The support master did not believe that she had the authority to grant the request.

Mother reiterated her request for counsel fees to the court. Additionally, she argued that Father's exceptions to the present recommendation are frivolous.

The court adopted the recommendation of the support master and granted Mother's request for counsel fees. Father filed a timely appeal to this order.

On October 24, 2006, the court ordered Father to file a concise statement of matters complained of on appeal. Father never complied with this direction. The court submits that his failure to comply with this direction

should be considered as a waiver of all his objections to the aforesaid order, and the appeal should be dismissed.

Assuming arguendo that the appeal is not dismissed due to Father's noncompliance with Pa.R.A.P. 1925(b), the court shall now address the reasons for the dismissal of Father's exceptions and the provision for the payment of counsel fees.

Father first contends that the support master abused her discretion in terminating support for the child on his 18th birthday because the child was consistently enrolled in a high school program from October 6, 2004, until June 2006. This contention is meritless.

The child did not attend any high school on a regular basis from the date of his birthday through February 2005, the last date for which the support master was provided attendance records. The order could have been reinstated if Father had complied with the order to bring certified copies of the child's attendance records and if the child had actually attended school regularly. Father did not comply, and the child did not attend on a regular basis. Father confuses enrollment with attendance. To qualify for a support order beyond the age of 18, the child actually had to attend school regularly or have legitimate reasons for not doing so. The child did not attend and had no valid excuses for not doing so. Therefore, Mother should be released from her obligation to pay support.

Father complains that the support master erred and abused her discretion in terminating the support order on the child's 18th birthday when the child lived with Father and received a diploma in June 2006. This exception is without merit.

It is a parent's prerogative to allow a child to reside with the parent beyond the child's 18th birthday, but the other parent has no duty to pay support for a child who has attained his majority. The child's receipt of his diploma occurred after the close of testimony; therefore, the court could not consider it. Too, the receipt of a diploma does not mean that the child attended school daily.

Father argues that the support master erred and abused her discretion in finding that the child attended an evening high school program, when the child actually attended a day high school program. This exception is frivolous.

To have the order reinstated, it did not matter if the child attended a day or evening high school program. The record reflects that the child registered for the evening school program on December 13, 2004. The support master further found that the child sporadically appeared at day school. The real issue is that the child did not regularly attend either day or evening high school.

Father next contends that the support master erred in recommending that any arrears that exist in the reverse case be transferred and applied as a credit in this case when the reverse case was not properly before the master for review. This exception is without merit.

The Domestic Relations section customarily checks all cases involving the same parties. If there is a huge amount of arrears owed to Mother by Father, it is only equitable that Father's arrears be transferred and applied as a credit in the instant case; otherwise, Father would receive an undeserved windfall, and Mother would owe support when Father still owes prior outstanding arrears.

Father next submits that the support master erred in recommending that the amounts in escrow be distributed to the parties as there was a continuing obligation to support the child while he attended high school to the time that he received his diploma. This argument fails.

When a child reaches majority and has completed high school, the duty of the parent to support the child ends. The emancipation of a child, for purposes of the statute governing the support of a child, is a question of fact to be determined by the totality of the circumstances in each case. *Nicholason v. Follweiler,* 735 A.2d 1275 (Pa. Super. 1999).

In the case sub judice, the child was dropped from the high school program due to too many unexcused absences and/or tardiness reports. He was also over 18 years old. For those reasons, the support order was suspended effective on the child's 18th birthday. In an abundance of caution and in an effort to have the child finish school, the order further provided that the support order could be reinstated if the child attended a high school program on a regular basis and provided proof thereof in the form of certified attendance records. The child enrolled in programs but did not attend on a regular basis. The child does not have health problems. If the child is 18 years old or older and not attending school, a parent owes no duty of support.

The only school attendance records that were supplied to the court show that this child did not miss school just occasionally or arrived late to school a few times, he did so chronically. In September 2005, the child had nine unexcused absences and four unexcused tardy reports. In October 2005, the child had four unexcused tardy reports and three excused absences for suspensions. In

November 2005, he had two unexcused tardy reports and one excused absence for a suspension. In December 2005, he had five unexcused absences. In January 2006, he had one unexcused absence and three unexcused tardy reports. In February 2006, he had one unexcused absence and one unexcused tardy report. March 6, 2006, the last day of the attendance records, shows that the child had an unexcused absence. Thus, from September 1, 2005, to March 6, 2006, this child had 17 unexcused absences, 14 unexcused tardy reports, and four days of suspensions.

The child's academic records mirror his attendance records. The child received four Fs, one D, and one C- in the first quarter. In the second quarter the child attained an A in physical education and one B, one C, two Ds, and one D- in his scholastic subjects.

These records reflect those of a student who does not care and shows up when he feels like it. This is not a minor child but a 19-year-old adult who should have already graduated from high school. Since the child was not attending school on a regular basis, Mother should not owe a duty to support the child. For those reasons, the amounts held in escrow were ordered distributed to Mother.

Father complains that the support master erred and abused her discretion in refusing to consider any evidence offered by him. This complaint is meritless.

The hearing was to determine if the child regularly attended school. The proof of his attendance was to be shown by certified attendance records. Father had no attendance records. He wanted to present evidence that the child was enrolled in a high school program and that

he was supposed to graduate in June 2006. That evidence would have been irrelevant and, therefore, was not admitted.

Father's last contention is that the support master erred in refusing to speak to the child, despite the fact that the master required him to be present and miss school. This contention is without merit.

Father was not permitted to present irrelevant evidence. If he had presented the relevant evidence, presumably the child could have testified. Without the submission of the required records, there was nothing relevant the child had to offer. It is good that the child was finally going to graduate from high school, but that fact did not impact on Mother's duty to support him at the age of 19 when he had already been terminated from a high school program earlier.

The court ordered counsel fees due to Father's vexatious and obdurate conduct. In the case sub judice, Father's only requirement was to supply the child's attendance records. He did not do so. He wasted everyone's time. When Father was not allowed to introduce the evidence that he wanted, he became so outraged that the support master adjourned the hearing. For those reasons, the court awarded attorney fees to Mother.

For the foregoing reasons, the court submits that its order dismissing Father's exceptions and awarding counsel fees is not an abuse of discretion and that this appeal should be dismissed.